IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT JOHNSON,  )
  )  2:12-cv-00648-GEB-EFB
        Plaintiff,  )
  )
   v.  )  ORDER TO SHOW CAUSE AND
  )  CONTINUING STATUS (PRETRIAL
ROCKWATER LLC, a California  )  SCHEDULING) CONFERENCE; FED.
limited liability company; MARK  )  R. CIV. P. 4(M) NOTICE
BITZER; MARION C. BITZER; and  )
DOES 1-10,  )
  )
        Defendants.  )
_____

        The March 14, 2012 Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on June 25, 2012, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The March 14, 2012 Order further required that a status report be filed regardless of whether a joint report could be procured. See ECF No. 5, at 2 n.1. No status report was filed as ordered. Instead, Plaintiff filed a Notice of Inability to File a Joint Status Report. (ECF No. 9.)

        Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than June 25, 2012, why sanctions should not be imposed against him and/or his counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or his

counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on September 17, 2012, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

Further, Plaintiff is notified under Rule 4(m) of the Federal Rules of Civil Procedure that failure to serve Defendant Rockwater LLC with process within the 120 day period prescribed in that Rule may result in the unserved defendant being dismissed. To avoid dismissal, on or before July 13, 2012, Plaintiff shall file proof of service for this defendant or a sufficient explanation why service was not effected within Rule 4(m)'s prescribed service period.

IT IS SO ORDERED.

Dated: June 19, 2012

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2